[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14220
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00326-CEM-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO RODRIGUEZ,
a.k.a. Hector Mauel Reyes,
a.k.a. Hector Manuel Reyes Quinones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 25, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Jose Rodriguez appeals his 18-month low-end guideline sentence, imposed after entering a guilty plea to one count of failing to surrender for service of sentence, in violation of 18 U.S.C. §§ 3146(a)(2) and (b)(1)(A)(ii). On appeal, Rodriguez argues that the sentence imposed by the district court was substantively unreasonable because it was unduly severe and failed to take into account both his reason for committing the crime—his fear that he would be killed upon being deported to Colombia for cooperating in the investigation against his brother—and the fact that his criminal history category overstated the extent of his actual criminal history. After careful review of the record and the parties' briefs, we affirm.

In 2012, Jose Rodriguez pleaded guilty, pursuant to a plea agreement, for making a false statement on his United States passport application. Rodriguez was sentenced to eight months in prison. Rodriguez was permitted to self-surrender to serve his eight-month sentence, but instead he absconded. In 2015, Rodriguez was arrested upon his attempt to re-enter the United States in Texas. He pleaded guilty to, and was convicted of, failure to surrender for service of his sentence. Given the applicable offense level and Rodriguez's criminal history, the advisory-guidelines range for his sentence was 18 to 24 months, with a statutory maximum of five years. At sentencing, the district court considered Rodriguez's argument including his fear of his brother. But the district court gave greater weight to other factors

2

and sentenced Rodriguez to 18 months in prison, the bottom of the guidelines range.

The substantive reasonableness of a sentence is subject to a deferential abuse-of-discretion standard of review.  *See Gall v. United States*, 552 U.S. 38, 41 (2007).  In reviewing a district court's sentence for substantive unreasonableness, we examine the totality of the circumstances to determine whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence in question.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Here, Rodriguez has not demonstrated that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors.  *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (noting that the party who challenges the sentence bears the burden of showing that the sentence is unreasonable).  First, while Rodriguez argues that the court did not consider his reasons for failing to report, the record indicates that the court did consider this argument and simply accorded it less weight than the seriousness of the offense and the need to promote respect for the law.  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

Next, if Rodriguez's criminal-history argument is construed as a request for a downward departure, because it mirrors the language of U.S.S.G. § 4A1.3, the

3

court's refusal to depart downward is not subject to appellate review. *See United States v. Webb*, 139 F.3d 1390, 1394 (11th Cir. 1998). If Rodriguez's criminal history argument is construed as a request for the court to fully consider his history, the record again indicates that the district did consider this argument, but gave more weight to other factors, which it was entitled to do.

Finally, although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See Gonzalez*, 550 F.3d at 1324. Thus, the fact that the court's 18-month sentence was the lowest end of the applicable guideline range of 18 to 24 months and was also well below the 5-year statutory maximum penalty further indicates its substantive reasonableness. *See id*.; *Hunt*, 526 F.3d at 746. Accordingly, we affirm.

**AFFIRMED.**